IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEL MONTE FRESH PRODUCE N.A., INC. )<br>P.O. Box 149222 )<br>Coral Gables, FL 33114-9222 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIELL PRODUCE AND WHOLESALE )<br>INCORPORATED )<br>2301 Commercial Avenue )<br>Mattoon, IL 61938 )<br>)<br>and )<br>)<br>J. CHAD STRADER )<br>1 Country Club Lane )<br>Arcola, IL 61910 )<br>)<br>and )<br>)<br>LORA D. STRADER )<br>1 Country Club Lane )<br>Arcola, IL 61910 )<br>)<br>Defendants. ) | **COMPLAINT**<br><br>**(Injunctive Relief Requested)** |

Plaintiff Del Monte Fresh Produce N.A., Inc. ("Del Monte" or "Plaintiff") brings this action against Defendants Daniell Produce and Wholesale, Incorporated ("Daniell Produce"), J. Chad Strader and Lora D. Strader (collectively "Defendants") for damages and alleges as follows:

I. **JURISDICTION**

1. Jurisdiction is specifically vested in this Court pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c)(5)(i). Jurisdiction is also vested in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332(a)(1).

II. **VENUE**

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the transactions which are the subject of this action occurred in this district and Defendants are domiciled in this district.

III. **PARTIES**

3. Del Monte, a Florida corporation with its principal place of business in Coral Gables, Florida, is engaged in the business of selling perishable agricultural commodities ("Produce") in interstate commerce. Del Monte is licensed by the United Stated Department of Agriculture, PACA Division, license number 19143736, in good standing.

4. Daniell Produce is an Illinois corporation with its principal place of business in Mattoon, Illinois. Daniell Produce was at all times relevant herein acting as a dealer and commission merchant of Produce in Illinois and as such is subject to PACA.

5. Chad Strader and Lora D. Strader ("Individual Defendants") are individuals residing within the Central District of Illinois and were at all times relevant herein acting as dealers and commission merchants of Produce in Illinois and as such are subject to PACA.

IV. **CLAIMS FOR RELIEF**

**COUNT I**

**DANIELL PRODUCE**

**(Failure to Maintain Trust)**

6. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

7. At its request, Plaintiff sold Produce to Daniell Produce in interstate commerce, on credit, as set forth in the following table:

| PLAINTIFF | DATES OF TRANS-ACTIONS | COMMODITIES | TOTAL AMOUNT SOLD | AMOUNT UNPAID |
|---|---|---|---|---|
| Del Monte | 23-Oct-06 to 18-Dec-06 | Fresh Produce | $16,923.55 | $16,923.55 |

8. Plaintiff duly delivered the Produce to Daniell Produce.

9. Daniell Produce received and accepted the Produce from Plaintiff.

10. Pursuant to the payment terms between the parties, Daniell Produce is in default in the principal amount of $16,923.55 currently outstanding to Plaintiff.

11. Pursuant to the trust provisions of PACA, and the Code of Federal Regulations promulgated thereunder, upon receipt of the Produce, a statutory trust arose in favor of Plaintiff as to all Produce received, all inventories or other products, or the proceeds derived therefrom, until full payment is made by Daniell Produce.

12. Daniell Produce has failed and refused to pay for the Produce it received and accepted from Plaintiff, despite due demand.

13. On the face of each invoice generated by Plaintiff to Daniell Produce, Plaintiff included the language prescribed by statute [7 U.S.C. §499(e)(c)(4)] as notification of Plaintiff's intent to preserve the benefits of the statutory trust. *See, representative unpaid invoice attached hereto as Exhibit A.*

14. Plaintiff is an unpaid creditor, supplier and seller of Produce as those terms are defined under PACA.

15. Daniell Produce has dissipated and is continuing to dissipate the *corpus* of the statutory trust that arose in favor of Plaintiff and grew upon each delivery of Produce to Daniell Produce.

16. The failure of Daniell Produce to hold the Produce in trust for the benefit of Plaintiff, and all inventories of food or other products, and proceeds derived from the Produce until full payment is made, constitute violations of PACA and PACA Regulations, and as a result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

17. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

18. Proceeds obtained from the resale of the Produce purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries as required by 7 U.S.C. §499b, were improperly expended for other purposes.

19. On the face of each invoice generated by Plaintiff to Daniell Produce, Plaintiff included the language prescribed by statute [7 U.S.C. §499(e)(c)(4)] as notification of Plaintiff's intent to preserve the benefits of the PACA statutory trust.

20. Defendants have received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

21. As a direct result of the dissipation of trust assets by Defendants, Plaintiff has suffered damages.

## COUNT III

## ALL DEFENDANTS

### (Failure to Pay Trust Funds)

22.  Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

23.  Defendants have failed and refused to pay Plaintiff the principal amount of $16,923.55 from the trust, which sum is unpaid and overdue to Plaintiff for the Produce received and accepted from Plaintiff.

24.  The failure of Defendants to make said payments to Plaintiff from the statutory trust fund is a violation of PACA and PACA Regulations and they are in breach of their fiduciary duties as trustees, and, as a result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty/Non-dischargeability)

25.  Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26.  From October 23, 2006 to December 18, 2006, the dates that Plaintiff supplied fresh fruits and vegetables to Daniell Produce, the Individual Defendants managed, controlled and directed said purchases on credit from Plaintiff on behalf of Daniell Produce.

27.  Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of Plaintiff's outstanding invoices.

28.  Defendants are in breach of their fiduciary duties arising under PACA, as they directed the disbursement of trust funds for purposes other than making full and prompt payment

to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. § 523(a)(4).

29.  As a result of the foregoing, Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the trust interests of Plaintiff, and, as a result, Plaintiff has suffered damages.

## COUNT V

## DANIELL PRODUCE

**(Action on Account / Breach of Contract)**

30.  Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

31.  From October 23, 2006 to December 18, 2006, Daniell Produce contracted with Plaintiff to purchase fresh fruits and vegetables on credit. *See, Statement of Account attached as Exhibit B.*

32.  Pursuant to the payment terms between the parties, Daniell Produce is in default to Plaintiff on certain amounts unpaid and outstanding.

33.  Daniell Produce breached the contracts by failing and refusing to pay Plaintiff the principal amount of $16,923.55. As a direct result, Plaintiff has suffered damages.

## COUNT VII

**(Interest and Attorney Fees)**

34.  Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

35. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

36. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

37. As a result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

38. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

**WHEREFORE**, Plaintiff respectfully prays that this Court issue an Order:

a. granting judgment in favor of Plaintiff and against Defendants, jointly and severally, in the principal amount of $16,923.55 together with pre- and post-judgment interest and the costs of this action;

b. declaring and directing Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff's trust claim in the principal amount of $16,923.55 plus interest;

c. enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from in any way, directly or

indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

  d. declaring and directing Defendants to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff and all other PACA trust creditors for the damages they have suffered and continue to suffer;

  e. declaring that any judgment issued in favor of Plaintiff and against Defendants, be non-dischargeable in bankruptcy; and

  f. granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

         Respectfully submitted,

         _____
         DEVIN J. ODDO
          Ohio Bar I.D. No. 0069693
         MARTYN AND ASSOCIATES
         820 Superior Avenue, N.W., Tenth Floor
         Cleveland, Ohio 44113
         (216) 861-4700 - telephone
         (216) 861-4703 - facsimile
         djoddo@martynlawfirm.com

         Attorney for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Del Monte Fresh Produce N.A., Inc.

### DEFENDANTS
Daniell Produce and Wholesale Incorporated
J. Chad Strader; Lora D. Strader

(b) County of Residence of First Listed Plaintiff: **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Devin J. Oddo, Martyn and Associates, 820 W. Superior Ave., 10th Floor, Cleveland, OH 44113

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Perishable Agricultural Commodities Act, 7 U.S.C. 499 et seq.

Brief description of cause:
Violations of PACA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 16,923.55

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____     DOCKET NUMBER _____

DATE: 06/04/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DMFP North America                                    Aging - By Account Report
                                                          As of   19-DEC-06

Reporting Level:        Operating Unit
Reporting Entity:       DMFP_NA_TRADE
Order By:               Accounting Flexfield

        Company Segment:       102
        Accounting Flexfield:  102.1111.100.0000.0000.0000.0000.000

| Invoice Number | Type | Due Date | Outstanding Amount | Current | 11-21 Days | 22-30 Days | 31-60 Days | 61-90 Days | 91-180 Days |
|---|---|---|---|---|---|---|---|---|---|
| DANIELL PRODUCE & WHOLESA | | 453083 | | MATTOON | | | IL .. ... | | 217 234-6057 |
| DFE4027 | PROFITS INVOICE | 23-OCT-06 | 823.75 | | | | | 823.75 | |
| DFE7480 | PROFITS INVOICE | 23-OCT-06 | 1,107.30 | | | | | 1,107.30 | |
| DFF4016 | PROFITS INVOICE | 29-OCT-06 | 970.30 | | | | | 970.30 | |
| DFF6355 | PROFITS INVOICE | 30-OCT-06 | 1,152.40 | | | | 1,152.40 | | |
| DFG2997 | PROFITS INVOICE | 04-NOV-06 | 672.05 | | | | 672.05 | | |
| DFG5564 | PROFITS INVOICE | 06-NOV-06 | 1,137.40 | | | | 1,137.40 | | |
| DFH1561 | PROFITS INVOICE | 11-NOV-06 | 633.45 | | | | 633.45 | | |
| DFH4878 | PROFITS INVOICE | 13-NOV-06 | 1,343.70 | | | | 1,343.70 | | |
| DFJ0924 | PROFITS INVOICE | 18-NOV-06 | 608.75 | | | | 608.75 | | |
| DFJ3749 | PROFITS INVOICE | 20-NOV-06 | 1,067.15 | | | | 1,067.15 | | |
| DFJ9868 | PROFITS INVOICE | 25-NOV-06 | 1,144.30 | | | | 1,144.30 | | |
| DFK2951 | PROFITS INVOICE | 27-NOV-06 | 1,078.55 | | | | 1,078.55 | | |
| DFK8557 | PROFITS INVOICE | 02-DEC-06 | 1,504.05 | | | 1,504.05 | | | |
| DFM5746 | PROFITS INVOICE | 09-DEC-06 | 788.35 | | 788.35 | | | | |
| DFM8547 | PROFITS INVOICE | 11-DEC-06 | 1,043.95 | | 1,043.95 | | | | |
| DFN4595 | PROFITS INVOICE | 16-DEC-06 | 704.85 | | 704.85 | | | | |
| DFN7520 | PROFITS INVOICE | 18-DEC-06 | 1,143.25 | | 1,143.25 | | | | |
| | Total: | | 16,923.55 | 0.00 | 3,680.40 | 1,504.05 | 8,837.75 | 2,901.35 | 0.00 |
| | | | | 0.00% | 21.75% | 8.89% | 52.22% | 17.14% | 0.00% |

              Customer Credit Memos:              0.00
              Customer Payments:                  0.00
              Customer Claims:                    0.00

        Account Customer Balance:              16,923.55

| Total For Accounting Flexfield | | | 16,923.55 | 0.00 | 3,680.40 | 1,504.05 | 8,837.75 | 2,901.35 | 0.00 |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 0.00% | 21.75% | 8.89% | 52.22% | 17.14% | 0.00% |

Company Total:                            16,923.55

**EXHIBIT A**

# INVOICE

**Correspondence to:**
DEL MONTE FRESH PRODUCE N.A., INC.
P.O. BOX 149222
CORAL GABLES, FL 33114-9222
(305) 520-8400

**Remit Payments To:**
DEL MONTE FRESH PRODUCE N.A., INC.
33979 TREASURY CENTER
CHICAGO    IL    60694-3900

**Bill To:**
DANIELL PRODUCE & WHOLESA
2301 COMMERCIAL AVENUE
MATTOON    IL    61938-3709
[6193837094]

**Ship To:**
DANIELL PRODUCE & WHOLESA
2301 COMMERCIAL AVENUE
MATTOON    IL    61938

| Invoice # | Invoice Date | Ship Date | Order # | PO #1 | PO #2 | AWB/Trailer# | Manifest # |
|---|---|---|---|---|---|---|---|
| 0FE4027 | 10/13/06 | 10/09/06 | FE4027 | FAX 10/09 | | | 1179585 |

| PRODUCT DESCRIPTION | | | | | OR | WHS | UP | SP | QTY | PRICE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FV | 014 | LX | 20 | DM LET SAL LCR 4/5# | L | US | KKW | KK | KK | 20 | $10.20 | $204.00 |
| FV | 014 | LT | 20 | DM LET SHRD 1/8" 4/5# | L | US | KKW | KK | KK | 40 | $10.00 | $400.00 |
| FV | 010 | LX | 20 | DM LET LCR W/ROMAINE 4/5# | L | US | KKW | KK | KK | 10 | $13.40 | $134.00 |
| FV | 020 | CE | 20 | DM CELERY STICKS 4/5# | L | US | KKW | KK | KK | 1 | $21.25 | $21.25 |
| FV | 023 | CX | 20 | DM CABBAGE FINE SHRED W/C 4X5 | L | US | KKW | KK | KK | 5 | $8.90 | $44.50 |
| SU | | | | DM FUEL SURCHARGE | L | US | KKW | KK | KK | 1 | $20.00 | $20.00 |

Invoice Total Please Remit In U.S. Dollars    $823.75

Sales Person: 005
Customer #/Code: 453084    /DANIELLMA
Trade Terms: D   - DELIVERED SALE
Order Type: DC/FCO DELIVERED

**TERMS: NET 10 DAYS FROM INVOICE DATE**

All purchases made subject to Del Monte Fresh Produce N.A., Inc. Terms and Conditions of Sale. You may obtain a copy of the Terms and Conditions of Sale by writing to: Del Monte Fresh Produce N.A., Inc., P.O. BOX 149222, Coral Gables, FL 33114-9222 Attn: Credit Department, or by calling (305) 520-8400

The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7U.S.C. s499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

Past due invoices shall accrue interest at 1 ½% per month. If overdue accounts are referred to an attorney, you agree to pay our reasonable attorney's fees plus the cost of all legal action as an additional charge under the contract of sale covered by this invoice. Additionally, all interest and attorney's fees are sums owing in connection with the transaction.

**COPY - NOT AN ORIGINAL INVOICE**

**EXHIBIT B**

## DEL MONTE FRESH PRODUCE N.A., INC.  REMITTANCE ADVICE

| | | | |
|---|---|---|---|
| Bill To: | 453084 | Invoice #: | 0FE4027 |
| Bill To Name: | DANIELL PRODUCE & WHOLESA | Invoice Date: | 10/13/06 |
| P.O. #: | FAX 10/09 | Invoice Amount: | $823.75 |
| | | Remittance Amount: | |